UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ARECIO COLLADO,                            |         NOT FOR PUBLICATION
                                           |
                 Petitioner,               |
                                           |         MEMORANDUM AND ORDER
         - against -                       |
                                           |         05-CV-4884
WILLIAM MAZZUCA,                           |
Superintendent,                            |
                                           |
                 Respondent.               |
---------------------------------------------------------X
AMON, UNITED STATES DISTRICT JUDGE

     Petitioner the Court is Arecio Collado's seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 contending that his conviction was obtained pursuant to perjured testimony and in violation of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). For the reasons set forth below, Collado's petition is denied.

**I.     Background**

     Collado was indicted in 1996 in New York Supreme Court, Queens County, on multiple counts of arson in the first degree, conspiracy in the second degree, criminal mischief in the first degree, criminal possession of a weapon in the first degree, criminal possession of a weapon in the second degree, arson in the third degree, criminal possession of weapon in the third degree, criminal solicitation in the second degree, reckless endangerment in the first degree, and criminal possession of a weapon in the fourth degree. After trial, Collado was convicted of four counts of criminal possession of a weapon in the first degree, five counts of criminal possession of a weapon in the second degree, three counts of criminal solicitation in the second degrees, and two counts of criminal possession of a weapon in the fourth degree. Collado is currently incarcerated

1

pursuant to his sentence for those convictions.

### A.     Collado's direct appeal and first petition for a writ of habeas corpus

On direct appeal, Collado's counsel, Martin Wallenstein, argued that the verdict was not supported by substantial evidence, that the prosecutor had committed a violation of Batson v. Kentucky, 476 U.S. 79 (1986), and was guilty of misconduct, and that the court erred in dismissing a juror, in not granting a mistrial, and in not permitting cross-examination regarding compensation of Angel Concepcion, a cooperating witness.  On March 15, 1999, the Appellate Division, Second Department, unanimously affirmed Collado's conviction. People v. Collado, 259 A.D.2d 626, 687 N.Y.S.2d 645 (N.Y. App. Div. 1999).  The New York State Court of Appeals denied petitioner's leave application on May 7, 1999.  People v. Collado, 93 N.Y.2d 923, 693 N.Y.S.2d 506 (1999).

Collado filed a petition for a writ of habeas corpus petition on April 28, 2000, asserting that his trial jury was unconstitutionally selected under Batson.  That petition was denied by this Court on July 31, 2001. Collado v. Miller, 157 F. Supp. 2d 227 (E.D.N.Y. 2001).  On March 1, 2002, the Court of Appeals for the Second Circuit denied Collado's request for a certificate of appealability and dismissed his appeal.

### B.     Collado's Post-Conviction Motion

Subsequently, on or about May 9, 2002, Collado filed a post-conviction motion in state court in which he contended that his conviction was obtained pursuant to perjured testimony and violations of Brady and Giglio.  Collado presented "newly discovered evidence" in the form of an affidavit from Angel Concepcion recanting his trial testimony.  (Affidavit of Angel Concepcion, dated Sept. 26, 2001, attached as Exh. F. to Resp. Br. ("Concepcion Aff.").)

2

In the affidavit, Concepcion stated that he lied at trial when he testified that Collado had contracted with him to "kill Indio Rodriguez, place a bomb in a store and to set fire to his store." (Concepcion Aff. at 1). He asserted that he was a drug addict and a schizophrenic, and that he testified while "suffering from the effects of having used . . . crack cocaine." (Id.) He claimed that Detective Borbon and Assistant District Attorney ("ADA") Shanley were aware of his drug usage, supplied him with money, arranged to stop his visits with his parole officer after he failed a drug test, and told him to lie regarding his drug use, mental disorder, and medication use. He also asserted that Detective Borbon gave him drugs and told him to plant a bag in Collado's home and.

In an opposition affirmation, ADA Shanley stated that he was never aware that Concepcion had a mental disorder and that he did not instruct Concepcion to lie about anything during his testimony. (Aff. of Richard Shanley, dated Sept. 26, 2002, attached as Exh. H to Resp. Br. ("Shanley Aff.").) He also stated that he had believed that Concepcion was a former drug addict, that he was not aware that Concepcion was using drugs when he testified at trial, and that Concepcion did not appear to be under the influence of drugs whenever he met with him. He stated that he did not arrange to stop Concepcion's parole visits and that he was unaware that Concepcion had ever tested positive for drug use during a visit to his parole officer.

On March 11th and 12th, 2003, Justice Cooperman held a hearing on Collado's motion. At that hearing, Concepcion testified on behalf of Collado. On direct examination, he repeated much of the content of his affidavit. In addition, he stated that ADA Shanley used to supply him with drugs in exchange for his testimony against petitioner and that ADA Shanley and Detective Borbon would "get [him] high" before meeting with him. (Tr. of 440.10 Hearing ("440.10 Tr.")

3

at 8, 10.) Concepcion testified that he had been diagnosed as having a schizophrenic disorder prior to trial, and that he was taking psychiatric medications, but that he lied at trial under the direction of ADA Shanley and Detective Borbon. (440.10 Tr. at 11-13).

The hearing was continued on June 5, 2003, when Concepcion testified on behalf of the government. On that date, Concepcion recanted his recantation, testifying that he lied and signed the affidavit because he had been given money by Collado's sister and had been threatened by Collado, and because he feared for his daughter's safety. (440.10 Tr. at 220-23.) He stated that the only true statement in the affidavit was that "Detective Borbon told me don't say nothing about my psychiatric medicine." (440.10 Tr. at 224-25.) The hearing was continued again on August 21, 2003. Detective Borbon testified that he did not ask Concepcion to lie about his mental condition or medications, as he was unaware that Concepcion had any mental problems and did not know that he took psychiatric medications. (Tr. of 440.10 Hearing, dated Aug. 21, 2003 ("8/21/03 Tr.") at 10-12.)

In a written decision issued on September 25, 2003, the court rejected Collado's claims that his conviction was based upon perjured testimony and that the prosecutor suborned perjury and violated <u>Brady</u> and <u>Giglio</u>. (<u>People v. Collado</u>, Nos. 4315/95 & 5647/95 (N.Y. Sup. Ct. Sept. 25, 2003), attached as Exh. J to Resp. Br. ("<u>440.10 Opinion</u>").) Collado sought leave to appeal that decision to the Appellate Division, Second Department. Leave was denied on February 10, 2004. Shortly thereafter, Collado filed an application with the Second Circuit Court of Appeals, requesting permission under 28 U.S.C. § 2244(b)(3)(c) to file a second or successive habeas petition. That request was granted on March 14, 2005, and the mandate issued on May 27, 2005. On October 11, 2005, Collado filed the instant habeas petition in this Court.

4

**II.     Discussion**

In the instant habeas petition, Collado contends that he was convicted based upon the perjured testimony of Concepcion. In addition, he asserts that, according to Concepcion's affidavit, the prosecutor committed Brady and Giglio violations. In particular, he claims that the police suppressed recordings, had Concepcion plant evidence, instructed Concepcion not to mention his alleged mental history, ensured that Concepcion would not have a parole violation, and supplied Concepcion with drugs and money.

The state court rejected Collado's claim that his conviction was based upon perjured testimony. The state court found that both Concepcion's affidavit, in which he recanted his trial testimony, and his hearing testimony in support of that affidavit were perjured. (440.10 Opinion at 5.) The court noted that Concepcion was "contacted by the defendant and defendant's family, received payments from them, and was told what to say to the court regarding this motion." (Id.) Instead of crediting Concepcion's affidavit, the state court credited Concepcion's hearing testimony in which he recanted his recantation and affirmed his testimony at trial, in front of the Grand Jury, and during the search warrant proceedings.[1] (Id. at 6.) Accordingly, the court denied Collado's motion to vacate the judgment of conviction, finding that Collado had not shown that his Concepcion's trial testimony was perjured and rejecting Collado's claims that the prosecutor committed Brady and Giglio violations, which claims were also predicated upon the recanted affidavit.

---

[1] The Court also noted that independent evidence, namely taped recordings between Collado and Concepcion and weapons found at Collado's home, supported Collado's convictions. (440.10 Opinion at 6.)

5

Because the state court rejected on the merits Collado's claim that his conviction was based on perjured testimony, Collado can only obtain habeas corpus relief by showing that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or resulted in a decision that was based on an unreasonable determination of the facts presented in the state court. 28 U.S.C. § 2254(d)(1), (2). A state court determination of a factual issue is presumed correct and may only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Moreover, the presumption of correctness is "particularly important when reviewing the trial court's assessment of witness credibility." Shabazz v. Artuz, 336 F.3d 154, 161 (2d Cir. 2003).

A conviction obtained through the knowing use of false evidence or the unsolicited use of false evidence which the prosecutor does not correct, violates due process. Napue v. Illinois, 360 U.S. 264, 269 (1959). Before relief can be granted on the basis of recanted testimony, a petitioner must demonstrate that a trial witness has recanted his trial testimony. The court must then determine whether the recanted testimony was material. If it was material, the court must determine whether the petitioner has demonstrated that the recantation is reliable. Penick v. Filion, 144 F. Supp. 2d 145, 153 (E.D.N.Y. 2001). However, the petitioner bears a "heavy burden" of establishing the reliability of the recantation, id. at 154, as "a recantation must be 'looked upon with the utmost suspicion'," Ortega v. Duncan, 333 F.3d 102, 107 (2d Cir. 2003) (quoting Sanders v. Sullivan, 863 F.2d 218, 225 (2d Cir. 1988)).

In the instant case, the trial court, after weighing all of the relevant evidence, determined that Concepcion's trial testimony was not perjurious. See Ortega, 333 F.3d at 107 (in determining whether conviction was obtained through knowing use of false evidence, "court

6

must weigh all the evidence of perjury before it, including but not limited to the recantation"). Collado has not demonstrated, by clear and convincing evidence, that the trial court's determination was incorrect. First of all, Concepcion's recantation was itself recanted. Concepcion testified that he recanted because of threats and bribes from Collado's family, and that he had actually told the truth at trial, before the Grand Jury, and during the search warrant proceedings. (440.10 Tr. at 228.) Furthermore, Collado has presented no other evidence supporting the recantation of the trial testimony. Indeed, as the state court noted in its denial of the post-conviction motion, Collado's trial testimony was supported by independent evidence. In particular, Concepcion's taped conversations, which corroborated his testimony, were introduced into evidence. In addition, police officers testified that they found weapons in Collado's home, and those weapons were introduced into evidence. Accordingly, Collado has not demonstrated, by clear and convincing evidence, that the state court's determination that Concepcion's recantation was untruthful, and that his trial testimony was not perjured, was an unreasonable determination of the facts.

Collado's claim that the prosecutor committed violations of Brady and Giglio is likewise without merit. In particular, Collado argues that the prosecutor violated Brady and Giglio by: (1) failing to disclose Concepcion's mental problems, his psychiatric medications, and his drug use; (2) suppressing recordings of taped conversations between Concepcion and Collado; (3) instructing Concepcion to plant weapon evidence in Collado's home; (4) quashing Concepcion's parole violation; and (5) provided Concepcion with crack cocaine and cash payments unrelated to food and lodging. "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment,

irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87. Thus, a prosecutor is obligated to disclose "its knowledge of material evidence favorable to the defendant either because it is exculpatory or because it can serve to impeach a key witness." Shabazz, 336 F.3d at 161-62. Impeachment evidence which must be disclosed by the prosecutor includes promises that the prosecutor made to key witnesses in exchange for their testimony. Giglio, 405 U.S. at 153-55.

All of Collado's arguments are predicated upon Concepcion's affidavit and his testimony in support of that affidavit at the state court hearing. However, the state court determined that this affidavit was perjured, as Concepcion recanted the affidavit at the hearing. As noted above, a state court determination of a factual issue is presumed correct and may only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This presumption of correctness is "particularly important when reviewing the trial court's assessment of witness credibility." Shabazz, 336 F.3d at 161. Collado has not shown by clear and convincing evidence that the state court made an unreasonable determination of the facts when it determined that Concepcion's affidavit and supporting testimony were untruthful.

Indeed, in his hearing testimony, Concepcion recanted the specific statements upon Collado Brady and Giglio claims rely. Concepcion testified that each of the taped conversations that he had with the defendant were placed in evidence at trial and that he was never told to plant weapons in the defendant's home by Detective Borbon. Concepcion also testified that ADA Shanley had not "quashed" an alleged parole violation and that he never received any more food or money than what was disclosed at trial. Collado has not presented any evidence refuting this recantation of the affidavit or otherwise supporting his allegations that the government withheld

8

any information in violation of Brady and Giglio.

Indeed, Concepcion testified at the hearing that "[t]he only truth that was there [in the affidavit] was that Detective Borbon told me to don't say nothing about my psychiatric medicine." (440.10 Tr. at 224.) However, Concepcion also testified that he was diagnosed with a schizophrenic and bi-polar disorder after the trial, in 2000, that he was not taking drugs or medication other than insulin during trial, that he did not inform ADA Shanley of any psychiatric problems, and that he was not coached by Detective Borbon and ADA Shanley regarding his testimony. In addition, Detective Borbon testified that he was not aware that Concepcion had any mental health issues or was taking medications, other than insulin, and that he did not ask Concepcion to lie about any mental condition. Thus, the state court found that Detective Borbon did not instruct Concepcion to withhold any testimony regarding his medical status at trial. (440.10 Opinion at 5.) Collado has not presented any evidence to contradict this factual finding by the state court. Accordingly, Collado's Brady and Giglio claims also fail.

## CONCLUSION

For the reasons set forth herein, the petition is denied. Further, a certificate of appealability will not be issued because Collado has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The Clerk of the Court is instructed to enter judgment in accordance with this Order and to close the case.

SO ORDERED

Dated: Brooklyn, New York
       August 10, 2007

                                              Carol Bagley Amon
                                              United States District Judge